USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/12/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

PARAGON PET PRODUCTS EUROPE B.V.,

                            Plaintiff,

          -v-

MARS, INC.,

                            Defendant.

------------------------------------------------------------X

15 Civ. 5520 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On August 6, 2015, plaintiff Paragon Products Europe B.V. ("Paragon") filed a motion for a preliminary injunction, and supplied to the Court's chambers a supporting memorandum of law and two declarations. Paragon excluded from its public filing (1) Exhibit 1 to the Declaration of Emma Baratta, Dkt. 34, Ex. 1, and (2) its brief, portions of which refer to and quote that exhibit. That exhibit, in turn, contains five Veterinary Claims Study reports (for each of the years 2009, 2012, 2013, 2014, and 2015) that The Nutro Company ("Nutro") commissioned for the purpose of testing certain claims regarding various Greenies products.

In a cover letter accompanying its filings, Paragon reported that the parties disagreed as to whether these materials could be filed publicly in their entirety. Dkt. 35. Paragon sought the Court's permission to file these materials publicly, arguing that "the asserted factual basis of a consumer product advertising claim is . . . a matter of public concern that ought to be available to the public." *Id.* On August 11, 2015, defendant Mars, Inc. ("Mars") filed an opposition letter, arguing that the five studies are confidential commercial information, and their disclosure would damage Nutro and benefit its competitors. Dkt. 40.

For the time being, out of an abundance of caution, the Court will permit the redactions sought by Mars, and directs Paragon to publicly file redacted versions *at the present time*. The parties have yet to enter into a protective order; this litigation is in its infant stages; and the Court is not yet in position to make a careful judgment as to the validity of Mars' arguments for redaction. The redacted versions filed by Paragon should be consistent with the highlighted versions that Paragon submitted to the Court's chambers. Further, Paragon shall file unredacted versions under seal in accordance with this District's procedures. *See* http://nysd.uscourts.gov/cases_records.php?records=sealed_records. The Court will reassess this provisional determination as the case proceeds. Further, counsel should be prepared to address the contents of these studies, in open court, to the extent they are relevant to motions on which argument will be heard.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: August 12, 2015
       New York, New York