**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PARAGON PET PRODUCTS EUROPE B.V.,

                                        Plaintiff,

        v.

MARS, INCORPORATED,

                                        Defendant.

15 Civ. 5520 (PAE)

ECF Case

## MEMORANDUM OF LAW IN SUPPORT OF MARS, INCORPORATED'S MOTION TO DISMISS

Dane H. Butswinkas (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Christopher N. Manning
Katherine M. Turner (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
dbutswinkas@wc.com
thentoff@wc.com
cmanning@wc.com
kturner@wc.com

*Attorneys for Defendant Mars, Incorporated*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ................................................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT .......................................................................................................................4

I.       Legal Standard ..........................................................................................................4

II.      The Complaint Fails To Plausibly Allege that Mars Made the Advertising and
         Packaging Claims.......................................................................................................5

III.     Paragon Does Not Have Standing To Pursue a Claim Under New York General
         Business Law §§ 349 and 350. ..................................................................................9

IV.      The Complaint Fails To State a Claim for Common Law Unfair Competition.................11

CONCLUSION..................................................................................................................13

# TABLE OF AUTHORITIES

## FEDERAL CASES

*5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512 (E.D.N.Y. 1996).....................................2

*Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436 (S.D.N.Y. 2014)...................11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).....................................................1, 4, 5

*Balintulo v. Ford Motor Co.*, --- F.3d ----, 2015 WL 4522646 (2d Cir. July 27, 2015) ...................................................................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................1, 4

*Bergeron v. Philip Morris, Inc.*, 100 F. Supp. 2d 164 (E.D.N.Y. 2000) ..........................8

*Berman v. Sugo LLC*, 580 F. Supp. 2d 191 (S.D.N.Y. 2008) ........................................12

*Brown v. Kay*, 889 F. Supp. 2d 468 (S.D.N.Y. 2012)...................................................3

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ...................................2

*Conopco Inc. v. Wells Enters., Inc.*, No. 14 CIV 2223 NRB, 2015 WL 2330115 (S.D.N.Y. May 14, 2015).....................................................................10, 11

*Coors Brewing Co. v. Anheuser-Busch Cos.*, 802 F. Supp. 965 (S.D.N.Y. 1992) .................12

*Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42 (2d Cir. 1991) ..........................2

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269 (S.D.N.Y. 2003) .......1, 9, 10, 11

*Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100 (N.D. Cal. 2013).............................2, 6, 8

*In re Frito-Lay N. Am., Inc. All Natural Litig.*, No. 12-MD-2413 (RRM) (RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)....................................................6, 7, 8

*In re Houbigant Inc.*, 914 F. Supp. 964 (S.D.N.Y. 1995), *amended after reargument*, 914 F. Supp. 997 (S.D.N.Y. 1996)......................................................10

*LBF Travel, Inc. v. Fareportal, Inc.*, No. 13 Civ 9143(LAK)(GWG), 2014 WL 5671853 (S.D.N.Y. Nov. 5, 2014) ...........................................................10, 11

*Mangiafico v. Blumenthal*, 471 F.3d 391 (2d Cir. 2006)..............................................2

*Merck Eprova AG v. Gnosis S.p.A.*, 901 F. Supp. 2d 436 (S.D.N.Y. 2012), *aff'd*, 760 F.3d 247 (2d Cir. 2014).....................................................................9

*Minuteman Int'l, Inc. v. Critical-Vac Filtration Corp.*, No. 95 C 7255, 1997 WL 370204 (N.D. Ill. June 27, 1997), *aff'd*, 152 F.3d 947 (Fed. Cir. 1998) (per curiam) ................................................................................................12

*Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344 (S.D.N.Y. 2012) ..............................................................................................5

*Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07 Civ. 6959(DAB), 2009 WL 4857605 (S.D.N.Y. Dec. 14, 2009) ...........................................10

*Pearl River Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339 (S.D.N.Y. 2015)................5, 7

*Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098 AHM, 2013 WL 2109963 (C.D. Cal. Mar. 8, 2013) ...........................................................................................5

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000)................................................................2

*Samuels v. Air Transp. Local 504*, 992 F.2d 12 (2d Cir. 1993).............................................2

*Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037 (2d Cir. 1980)......................................12

*Something Old, Something New, Inc. v. QVC, Inc.*, No. 98 CIV. 7450 SAS, 1999 WL 1125063 (S.D.N.Y. Dec. 8, 1999) ..............................................................10

*Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219 (S.D.N.Y. 2011)..............................................8

*Winner Int'l v. Kryptonite Corp.*, No. 95 Civ. 247 (KMW), 1996 WL 84476 (S.D.N.Y. Feb. 27, 1996) ..............................................................................10, 11, 12

**STATE CASES**

*ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852 (N.Y. 2007)..........................................2, 11, 12, 13

**STATUTES, REGULATIONS, AND RULES**

15 U.S.C. § 1125(a) ................................................................................................3

Fed. R. Civ. P. 8 ....................................................................................................1

Fed. R. Civ. P. 12(b)(6)................................................................................ *passim*

N.Y. Gen. Bus. L. § 349 ............................................................................... *passim*

N.Y. Gen. Bus. L. § 350 ............................................................................... *passim*

N.Y. Gen. Bus. L. § 350-e ........................................................................................9

## INTRODUCTION

The Complaint should be dismissed because Plaintiff Paragon Pet Products Europe B.V. ("Paragon Europe" or "Paragon") has not pleaded, and cannot plead, the facts necessary to establish that Mars, Incorporated ("Mars"), the indirect parent corporation of Greenies manufacturer The Nutro Company ("Nutro"), engages in the allegedly false advertising at issue in this case. Paragon's state law causes of action should also be dismissed because Paragon lacks standing under New York General Business Law §§ 349 and 350, and because Paragon has not alleged conduct that could support a claim for common law unfair competition.

Nutro—the non-party responsible for the challenged advertising and packaging claim—stands by its claim as true. But that issue is not before this Court because Mars is the wrong defendant. *Nutro* is the entity in charge of manufacturing, distributing, and advertising Greenies. Paragon knows this because its U.S. affiliate has been defending a long-pending trademark infringement lawsuit brought by Nutro in Tennessee over the same product at issue here.

The Complaint's lists of allegations about Mars's supposed involvement with Greenies are purely conclusory and do not satisfy the Rule 8 pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The exhibits Paragon attached in support of its Complaint only serve to highlight the absence of support for Paragon's bare allegations. Moreover, Paragon does not have standing to sue under New York General Business Law §§ 349 and 350 because "the core of [its] claim is harm to another business," not conduct that "has significant ramifications for the public at large" by endangering public health or safety. *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003). Further, Paragon cannot establish that the allegedly deceptive Greenies advertising involves misappropriation of "the results of the skill, expenditures and labors" of another—a requirement to state a claim for common law unfair competition. *See ITC Ltd. v.*

*Punchgini, Inc.*, 880 N.E.2d 852, 858 (N.Y. 2007) (internal quotation marks omitted).

Paragon's Complaint should be dismissed in its entirety.

<u>**BACKGROUND**</u>

Greenies canine dental chews are manufactured and sold in the United States by Nutro, as indicated on their packaging. *See* Compl. Ex. 3 (Dkt. 3-3) at 3, 5 (exemplar Greenies labels); Decl. of Katherine M. Turner in Supp. of Mars, Incorporated's Mot. to Dismiss ("Turner Decl."), Exs. 1 (Vol. 2) & 2 (Vol. 2) (same).[1] In November 2013, Nutro filed a complaint against Paragon Pet Products USA, Inc. ("Paragon USA")—which is Paragon Europe's U.S. affiliate— in the United States District Court for the Middle District of Tennessee ("the Tennessee Action"). Turner Decl., Ex. 3 (Nutro Compl., No. 3:13-cv-01232 (M.D. Tenn., filed Nov. 7, 2013)) at 1, 24.[2] That complaint specifically represents that Greenies are a Nutro product. *Id.* ¶¶ 10–11.

Nutro's complaint in the Tennessee Action alleges that certain varieties of Whimzees—a Paragon canine dental chew product—so closely imitate the distinctive toothbrush design of

---

[1] A court evaluating a motion to dismiss may consider "documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993); *see also Cortec Indus., Inc. v. Sum Holding, L.P.*, 949 F.2d 42, 46–48 (2d Cir. 1991) (court may consider documents "referred to" in complaint). In addition, "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)). If a complaint alleges a product's labeling is false or misleading, the labels themselves can be considered on a motion to dismiss. *See, e.g.*, *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) (considering product labels submitted with Rule 12(b)(6) motion to dismiss).

[2] Dockets and pleadings filed in other cases are "public records" that a court may judicially notice when considering a motion to dismiss under Rule 12(b)(6). *Mangiafico*, 471 F.3d at 398 (docket sheet); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000) (complaint); *5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512, 518 (E.D.N.Y. 1996) (pleadings, motion papers, and transcript).

Greenies that they create a likelihood of confusion, mistake, and deception among consumers as to source, sponsorship, or affiliation, in violation of federal and common law. *Id.* ¶¶ 1, 30. Nutro seeks to enjoin the sale of Whimzees bearing the distinctive toothbrush design and to recover damages, attorneys' fees, and costs. *Id.* at 22–23 (Prayer for Relief).

On July 15, 2015, Paragon Europe filed the present action against Mars, Nutro's indirect parent corporation.[3] Neither Mars nor Paragon Europe is a party in the Tennessee Action. *See* Turner Decl., Ex. 3 (Nutro Complaint).

According to Paragon's Complaint, the advertising and packaging of Greenies is false and misleading.[4] Compl. ¶¶ 8–17. Specifically, the Complaint alleges that the claim "#1 Vet Recommended Dental Chew*" "*In pet specialty stores among U.S. veterinarians that recommend dental chews for at-home oral care" deceives consumers. *Id.* ¶¶ 8–10. Paragon pleads three causes of action: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a), *id.* ¶¶ 5–22; (2) violation of the New York Consumer Protection Act, N.Y. Gen Bus. Law §§ 349(h) and 350(e), *id.* ¶¶ 23–25; and (3) unfair competition under New York common law, *id.* ¶¶ 26–27. Paragon seeks, among other things, an injunction, damages for alleged "lost sales" of Whimzees, and attorneys' fees and costs. *Id.* ¶ 20 & Prayer for Relief.

Despite the statements on the Greenies packaging attached to the Complaint as an exhibit, the Complaint asserts that Mars "advertises, markets, supports, and controls the marketing and sale of" Greenies, *id.* ¶ 6, and that it is "using, supporting, approving, enabling, authorizing,

---

[3] In its answer in the Tennessee Action, Paragon USA represented that it "sells and markets the 'WHIMZEES' brand of dog treats in the United States." Turner Decl. Ex. 4 (Answer to Nutro Complaint, Case No. 3:13-cv-01232 (M.D. Tenn., filed Mar. 31, 2014)) ¶ 31. The Complaint in this action alleges that Paragon Europe also "manufactures, markets, and sells" Whimzees in the United States. Compl. (Dkt. 3) ¶ 19.

[4] For the purpose of a motion to dismiss, all well-pleaded factual allegations are accepted as true. *Brown v. Kay*, 889 F. Supp. 2d 468, 479 (S.D.N.Y. 2012).

financing, actively participating in, or contributing to use of" the allegedly deceptive Greenies advertising claim, *id.* ¶ 8. In addition, Paragon implies that Mars is a proper defendant because it "is the owner of" a canine dental chew patent. *Id.* ¶ 5.

As relevant to this motion, documents that Paragon attached to its Complaint include: (1) a patent, *id.* Ex. 1 (Dkt. 3-1); (2) excerpts from Mars's corporate website, *id.* Ex. 2 (Dkt. 3-2); and (3) exemplar Greenies packaging, *id.* Ex. 3 (Dkt. 3-3). The Mars website excerpts state that Greenies is a "Mars Petcare" brand. *Id.* Ex. 2 (Dkt. 3-2) at 1. The exemplar Greenies packaging identifies Nutro as the manufacturer and trademark and copyright holder, but makes no mention of Mars. *See id.* Ex. 3 (Dkt. 3-3); Turner Decl., Exs. 1 (Vol. 2), 2 (Vol. 2).

## ARGUMENT

### I. Legal Standard

A complaint must be dismissed under Rule 12(b)(6) if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

Although a court must accept as true all well-pleaded factual allegations in the complaint, that principle is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. A complaint cannot make only an "unadorned, the-defendant-unlawfully-harmed-me accusation," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted). Further, in ruling on a 12(b)(6) motion, "if a document relied on in the complaint contradicts allegations in the complaint, the

document, not the allegations, control, and the court need not accept the allegations in the complaint as true." *Pearl River Union Free Sch. Dist. v. Duncan*, 56 F. Supp. 3d 339, 346 n.2 (S.D.N.Y. 2015) (internal quotation marks and alterations omitted) (collecting cases).

## II.    The Complaint Fails To Plausibly Allege that Mars Made the Advertising and Packaging Claims.

Paragon's conclusory allegations that Mars is responsible for Greenies marketing and advertising are insufficient to state "a claim to relief [against Mars] that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

The Complaint alleges that Mars "advertises, markets, supports, and controls the marketing and sale of" Greenies, and that Mars is "using, supporting, approving, enabling, authorizing, financing, actively participating in, or contributing to use of" the Greenies advertising claim. Compl. (Dkt. 3) ¶¶ 6, 8. Yet Paragon does not allege any specific facts to support these assertions.[5] *See supra* pp.3–4. Formulaic statements like these are precisely the sort of "labels and conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that are not entitled to the presumption of truth under *Twombly* and *Iqbal*. *See Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098 AHM (SHx), 2013 WL 2109963, at *4 (C.D. Cal. Mar. 8, 2013) (allegations that defendants were "'illegally copying, reproducing, distributing, displaying, and selling massive quantities of infringing materials' . . . amount to no more than legal conclusions that are not entitled to an assumption of truth"); *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 375 (S.D.N.Y. 2012) (dismissing claim under Rule 12(b)(6) because plaintiff alleged only the "conclusory statement[] . . . that [corporate parent] 'actively participated in an intentional

---

[5] At the risk of stating the obvious, the Complaint's allegations that Mars "is the owner" of a canine dental chew patent, Compl. (Dkt. 3) ¶ 5, have absolutely nothing to do with whether it can be held liable for claims made in Greenies advertising.

scheme[]'" of subsidiary). Paragon's decision to use a disjunctive "or" in its list of allegations against Mars underscores this point. *See* Compl. (Dkt. 3) ¶ 8 (alleging that Mars is "using, supporting, approving, enabling, authorizing, financing, actively participating in, *or* contributing to use of" an allegedly deceptive claim (emphasis added)).

In similar cases, federal courts have dismissed claims against parent corporations based on their subsidiaries' allegedly false advertising and packaging. For example, in *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100 (N.D. Cal. 2013), the court granted a Rule 12(b)(6) motion to dismiss claims against Mars based on packaging propounded by a different subsidiary, Wrigley. *Id.* at 1133. The court reasoned that allegations that Mars and its subsidiary "pursued a common plan, design, and course of conduct, acted in concert with, aided and abetted, and otherwise conspired with each other, in furtherance of their common design or scheme" to engage in false advertising, shared "a unity of interests," and were "juridically linked through contracts governing their management and control," were "precisely the sort of 'formulaic recitation[s] of the elements of a cause of action' that the Supreme Court has warned are insufficient." *Id.* Similarly, in *Frito-Lay North America, Inc. All Natural Litigation*, No. 12-MD-2413 (RRM) (RLM), 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013), the court granted a Rule 12(b)(6) motion to dismiss claims against PepsiCo based on advertising propounded by its subsidiary, Frito-Lay. *Id.* at *5–6. The court held that the bare allegations that PepsiCo "markets, advertises and distributes" the products at issue and "actively coordinates its marketing and advertising activities with" its subsidiary were insufficient to hold it liable for Frito-Lay's advertising. *Id.*

Further, the exhibits Paragon attached to the Complaint do not support—and in fact contradict—Paragon's conclusory assertions. The Greenies exemplar packaging makes no

mention of Mars, but it *does* identify Nutro as the Greenies manufacturer and intellectual property owner.  Compl. Ex. 3 (Dkt. 3-3) at 3, 5 (exemplar Greenies labels); Turner Decl., Exs. 1 (Vol. 2) & 2 (Vol. 2) (same); *see also Pearl River*, 56 F. Supp. 3d at 346 n.2 (if document contradicts allegations in complaint, document controls).  The excerpts of the Mars corporate website simply identify Greenies as a member of the family of "Mars Petcare" products;[6] they do not purport to attribute any specific responsibility for Greenies to Mars, Incorporated, nor do they make the specific advertising claim challenged in the Complaint.  *See* Compl. Ex. 2 (Dkt. 3-2).  They certainly do not support a plausible inference that Mars "advertises, markets, supports, and controls the marketing and sale of" Greenies.  Compl. ¶ 6.  And the patent simply identifies Mars as its assignee; it does not even mention Greenies.  *See id.* Ex. 1 (Dkt. 3-1).  These exhibits do not support the contention that Mars is responsible for the Greenies advertising claim at issue. If anything, they show that Paragon sued the wrong defendant.[7]

Mars cannot be held liable for Nutro's advertising of Greenies simply because Mars is Nutro's indirect parent corporation.  As explained by a federal court confronted with the same issue, "the mere fact of a parent-subsidiary relationship" is not "sufficient to show that Mars, Inc.

---

[6] Mars Petcare US, Inc. is Nutro's parent corporation and a subsidiary of Mars.

[7] Although outside the scope of this motion, Paragon also alleged in a separate filing that the challenged Greenies advertising claim does appear on the Mars corporate website.  *See* July 27, 2015 Letter from J. Dabney (Dkt. 29) & Ex. 2 (Dkt. 29-2).  The webpage on which Paragon relies, however, is simply a January 2012 news release about pet oral health.  *See id.* Ex. 2 at 2–3.  It is not even about Greenies; it simply notes that the study it discusses was "commissioned by The GREENIES® Brand, makers of the #1 vet-recommended pet specialty dental chews and treats."  *See id.*  The news release specifically identifies Nutro, not Mars, as the copyright holder and the company responsible for Greenies.  *See id.*  The mere availability of this article on a Mars corporate website does not provide a basis to attribute Greenies advertising claims to Mars. *See, e.g.*, *In re Frito-Lay*, 2013 WL 4647512, at *5 (holding PepsiCo not liable for subsidiary's advertising based on press release available on PepsiCo's website, because release did not "say anything as to PepsiCo's role, if any," with regard to the advertising, and PepsiCo's subsidiary was "the speaker in the press release").  And, in any event, Paragon could not plausibly have been harmed by the article.

. . . may be held accountable for [its subsidiary's] conduct." *Gustavson*, 961 F. Supp. 2d at 1133. Indeed, "[i]t is well accepted that a parent corporation is not liable for the actions of its subsidiary absent facts sufficient to pierce the corporate veil." *Weinstein v. eBay, Inc.*, 819 F. Supp. 2d 219, 223 (S.D.N.Y. 2011); *see also Balintulo v. Ford Motor Co.*, --- F.3d ----, 2015 WL 4522646, at *4 (2d Cir. July 27, 2015) (observing that under "well-settled principles of corporate law," parent corporation and subsidiary are "legally distinct entities," and parent corporation is not responsible for actions of subsidiary absent "plausible allegations . . . that would form any basis . . . to pierce [the parent's] corporate veil" (internal punctuation omitted)).

Here, the Complaint does not even mention Nutro, let alone allege "extraordinary" facts to support legal attribution of Nutro's conduct to Mars. *See, e.g.*, *Balintulo*, 2015 WL 4522646, at *4 (observing courts pierce the corporate veil "only in extraordinary circumstances"). At best, the Complaint's vague, conclusory allegations suggest only that Mars was acting as a parent company. Even if true, "the discharge of that [corporate] supervision alone is not enough to give rise to direct liability." *In re Frito-Lay*, 2013 WL 4647512, at *6 (internal quotation marks omitted) (dismissing complaint against PepsiCo under Rule 12(b)(6) based on subsidiary's allegedly false advertising because allegations showed only "that PepsiCo was acting as a parent company").

Thus, Paragon's Complaint fails to allege any facts to support holding Mars liable for the Greenies advertising claim. Paragon relies on the same factual allegations for all three of its causes of action.[8] *See* Compl. (Dkt. 3) ¶¶ 23, 26 (in second and third counts, "re-alleg[ing] and

_____

[8] Although Paragon has pleaded causes of action under New York law, its state law claims, and Mars' defenses to those claims, are subject to a choice-of-law analysis. *See, e.g.*, *Bergeron v. Philip Morris, Inc.*, 100 F. Supp. 2d 164, 169 (E.D.N.Y. 2000) (applying choice-of-law principles to determine whether New York Consumer Protection Act or Massachusetts Unfair and Deceptive Trade Practices Statute applies to allegations of national false advertising). Which state laws apply will depend on facts beyond those alleged in Paragon's Complaint. *See,*

incorporat[ing] by reference" factual allegations in first count).  The Complaint should therefore be dismissed in its entirety.

### III. Paragon Does Not Have Standing To Pursue a Claim Under New York General Business Law §§ 349 and 350.

New York General Business Law § 349 provides a right of action to "any person who has been injured" by "[d]eceptive acts or practices in the conduct of any business."  N.Y. Gen. Bus. L. § 349(a), (h).  Similarly, New York General Business Law § 350 provides a right of action to "any person who has been injured" by "[f]alse advertising in the conduct of any business."  N.Y. Gen. Bus. L. §§ 350, 350-e(3).  New York courts have interpreted these statutes to confer standing on business competitors only if "the gravamen of the complaint is consumer injury or harm to the public interest."[9]  *Merck Eprova AG v. Gnosis S.p.A.*, 901 F. Supp. 2d 436, 456 (S.D.N.Y. 2012) (internal punctuation omitted), *aff'd*, 760 F.3d 247 (2d Cir. 2014); *see also Gucci*, 277 F. Supp. 2d at 273 ("Courts in this District routinely reject claims brought under § 349 where a commercial claimant does not adequately allege harm to the public interest.").

In order to have standing, a competitor "must allege conduct that has significant ramifications for the public at large," *Gucci*, 277 F. Supp. 2d at 273 (internal quotation marks omitted), meaning it "must be generally based on potential danger to the public health or safety," *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07 Civ. 6959(DAB), 2009 WL 4857605, at *7 (S.D.N.Y. Dec. 14, 2009) (internal quotation marks

---

*e.g.*, *id.* at 170–72 (discussing relevant considerations and concluding choice of law determination was "premature" pending further discovery).  For purposes of this Rule 12(b)(6) motion only, Mars assumes the applicability of New York law, but reserves the right to challenge the applicability of New York law at the appropriate time.

[9] As explained above, Mars assumes the applicability of New York law for the purpose of this motion, but reserves the right to request a choice-of-law determination at a later date.  *See supra* n.8.

omitted).  A "dispute[] between competitors where the core of the claim is harm to another business as opposed to consumers" is insufficient.  *Gucci*, 277 F. Supp. 2d at 273; *Something Old, Something New, Inc. v. QVC, Inc.*, No. 98 CIV. 7450 SAS, 1999 WL 1125063, at *12 (S.D.N.Y. Dec. 8, 1999) (observing that even a "deliberate effort by one competitor to destroy the other's business is not considered a harm to the public interest").  Within this framework, courts have found that trademark infringement actions "reflect a public harm that is too insubstantial to satisfy the pleading requirements of § 349."  *Gucci*, 277 F. Supp. 2d at 273.

Likewise, courts addressing the "public harm" requirement in the false advertising context "have drawn a distinction between false advertising claims that pose a danger to the consumer and those that merely encourage consumers to buy an inferior product or buy a product from one company where they may have preferred to buy it from another."  *Conopco Inc. v. Wells Enters., Inc.*, No. 14 CIV. 2223 NRB, 2015 WL 2330115, at *6 (S.D.N.Y. May 14, 2015).  If the alleged false advertising poses no "potential danger" to consumers, the competitor generally does not have standing to sue under §§ 349 or 350.[10]  *See, e.g., id.* at *7 (dismissing competitor's §§ 349 and 350 false advertising claim under Rule 12(b)(6) for lack of public harm

<hr />

[10] That is not to say that competitors can never bring false advertising claims under §§ 349 and 350.  There are certainly cases in which the alleged false advertising could cause public harm of the sort that New York's Consumer Protection Act is designed to address.  *See, e.g., In re Houbigant Inc.*, 914 F. Supp. 964, 984 (S.D.N.Y. 1995) (holding unlawful scheme "to export and sell counterfeit . . . goods . . . would involve a public harm if proved"), *amended after reargument*, 914 F. Supp. 997 (S.D.N.Y. 1996).  But most advertising does not rise to that level.  *See, e.g., Conopco*, 2015 WL 2330115, at *6 (dismissing claims because even if consumers experienced "lessened enjoyment of" confection, injury did not "present significant ramifications for the public at large" (internal quotation marks omitted)); *LBF Travel, Inc. v. Fareportal, Inc.*, No. 13 Civ. 9143(LAK)(GWG), 2014 WL 5671853, at *11–12 (S.D.N.Y. Nov. 5, 2014) (dismissing claims because even if plaintiff "may have lost business, as a result of" allegedly false claims about airfare savings, "the public still received its product" (internal punctuation omitted)); *Winner Int'l v. Kryptonite Corp.*, No. 95 Civ. 247 (KMW), 1996 WL 84476, at *2–3 (S.D.N.Y. Feb. 27, 1996) (dismissing claims because "mere possibility that consumers in the future will develop disputes with the defendant . . . is an insufficient allegation that the public is currently harmed by [defendant's] business practices").

where "consumers [were] allegedly erroneously directed to partake of [defendant's product] rather than [plaintiff's]"); *LBF Travel, Inc. v. Fareportal, Inc.*, No. 13 Civ. 9143(LAK)(GWG), 2014 WL 5671853, at *11–12 (S.D.N.Y. Nov. 5, 2014) (same); *Winner Int'l v. Kryptonite Corp.*, No. 95 Civ. 247 (KMW), 1996 WL 84476, at *2–3 (S.D.N.Y. Feb. 27, 1996) (same).

Here, the gravamen of Paragon's Complaint is that the allegedly deceptive Greenies advertising caused Paragon competitive harm "in the form of lost sales of WHIMZEES dental dog chew products." Compl. (Dkt. 3) ¶ 20. The Complaint does not allege (and could not allege) that the advertising claim at issue poses any "danger to the public health or safety" or has other "significant ramifications for the public at large." *See Gucci*, 277 F. Supp. 2d at 273 (internal quotation marks omitted). Rather, Paragon alleges only that some consumers who bought Greenies would have bought Whimzees, but for the allegedly false advertising. The public harm alleged here (if any) is therefore "too insubstantial" to support Paragon's claim under §§ 349 and 350. *See id.* at 273–75; *Conopco*, 2015 WL 2330115, at *6; *LBF Travel*, 2014 WL 5671853, at *11–12; *Winner*, 1996 WL 84476, at *2–3. Paragon's claim under New York General Business Law §§ 349 and 350 should be dismissed.

## IV.     The Complaint Fails To State a Claim for Common Law Unfair Competition.

As explained by the Court of Appeals, New York recognizes "two theories of common-law unfair competition:  palming off and misappropriation." *ITC*, 880 N.E.2d at 858; *see also Ace Arts, LLC v. Sony/ATV Music Pub., LLC*, 56 F. Supp. 3d 436, 453–54 (S.D.N.Y. 2014) (discussing theories). "Palming off" involves "the sale of the goods of one manufacturer as those of another." *ITC*, 880 N.E.2d at 858. "Misappropriation" involves "the principle that one may not misappropriate the results of the skill, expenditures and labors of a competitor." *Id.* (internal punctuation omitted). Misappropriation "usually concerns the taking and use of the plaintiff's property to compete against the plaintiffs [sic] own use of the same property." *Id.* at 859

(internal quotation marks omitted)).

Here, there is no allegation that Greenies have been "palmed off" as Whimzees (nor could there be).  Accordingly, to state a claim for unfair competition, Paragon must establish that Mars "has misappropriated the labors and expenditures" of Paragon.  *Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 208–209 (S.D.N.Y. 2008) (quoting *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1044 (2d Cir. 1980)) (dismissing, under Rule 12(b)(6), unfair competition claim for failure "adequately to allege the bad faith acts by which Counter-Defendants misappropriated such labor or resources for their own commercial advantage").  Merely propounding allegedly false advertising, however, does not qualify as "misappropriation" of a competitor's "labors and expenditures" under the unfair competition law.  *See Winner*, 1996 WL 84476, at *3 (dismissing, under Rule 12(b)(6), unfair competition claim based on alleged false advertising because "complaint is devoid of any allegation that [defendant] misappropriated [plaintiff's] property in marketing and selling" its product); *Coors Brewing Co. v. Anheuser-Busch Cos.*, 802 F. Supp. 965, 975 (S.D.N.Y. 1992) (holding beer brewer unlikely to succeed on merits of unfair competition claim because it did not "come forward with *any* evidence showing" that allegedly deceptive advertising "usurped unfairly plaintiff's goodwill or good reputation"); *Minuteman Int'l, Inc. v. Critical-Vac Filtration Corp.*, No. 95 C 7255, 1997 WL 370204, at *14–15 (N.D. Ill. June 27, 1997) (holding alleged false advertising not unfair competition under New York common law because plaintiff did not claim defendant "misappropriated its property, labors or expenditures"), *aff'd*, 152 F.3d 947 (Fed. Cir. 1998) (per curiam).

Paragon alleges that Greenies packaging and advertising contains a deceptive advertising claim—that it is the "#1 Vet Recommended Dental Chew*" "*In pet specialty stores among U.S. veterinarians that recommend dental chews for at-home oral care."  Compl. (Dkt. 3) ¶¶ 8–10.

Even if deceptive (and the claim is not), the claim does not in any way "misappropriate" the labors and expenditures of Paragon, such as by "taking [Paragon's] property to compete against" Paragon. *See ITC*, 880 N.E.2d at 859. Accordingly, Paragon has failed to state a claim under New York common law.

## <u>CONCLUSION</u>

Paragon has failed to plausibly allege that Mars can be held liable for Greenies advertising, lacks standing to pursue a claim under New York General Business Law §§ 349 and 350, and has failed to state a claim for unfair competition under New York common law. Paragon's Complaint should be dismissed in its entirety.

Dated: August 12, 2015

Respectfully submitted,

<u>*/s/ Katherine M. Turner*</u>
Dane H. Butswinkas (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Christopher N. Manning
Katherine M. Turner (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
dbutswinkas@wc.com
thentoff@wc.com
cmanning@wc.com
kturner@wc.com

*Attorneys for Defendant Mars, Incorporated*