UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

PARAGON PET PRODUCTS EUROPE B.V.,                    :

                                        Plaintiff,   :          15 Civ. 5520 (PAE)

                  -v-                                :            ORDER

MARS, INC.,                                          :

                                        Defendant.   :

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/13/2015

PAUL A. ENGELMAYER, District Judge:

On July 15, 2015, plaintiff Paragon Products Europe B.V. ("Paragon") filed its Complaint

in this action. Dkt. 1. On August 6, 2015, Paragon filed a motion for a preliminary injunction.

Dkt. 32. On August 12, 2015, defendant Mars, Inc. ("Mars") filed a motion to dismiss the

Complaint under Rule 12(b) of the Federal Rules of Civil Procedure, arguing in part that Paragon

lacks standing and that it has sued the wrong defendant. Dkt. 46–48.

If Paragon chooses to rely on its existing Complaint, then its opposition to the motion to

dismiss is due **August 26, 2015**, and Mars's reply is due **September 2, 2015**. *See* Dkt. 28. But

in the alternative, pursuant to Rule 15(a)(1)(B), a plaintiff has twenty-one (21) days after the

service of a motion under Rule 12(b) to amend the complaint once as a matter of course.

Accordingly, Paragon shall file any amended complaint by **September 3, 2015**. No further

opportunities to amend will be granted. If Paragon does amend, by three weeks from the date of

the amended complaint, Mars shall: (1) file an answer; (2) file a new motion to dismiss; or

(3) submit a letter to the Court, copying Paragon, stating that it relies on the previously filed motion to dismiss.[1]

The Court also notes that, if Paragon elects to file an amended complaint, that will <u>moot</u> its current, pending motion for a preliminary injunction.[2]  However, Paragon would remain at liberty to file a new, revised motion for a preliminary injunction; and the Court would set a new, similarly expedited schedule for that motion.

Given that Paragon's decision whether or not to amend will affect scheduling for both the Court and Mars, Paragon is directed to submit a short letter, by **August 18, 2015**, informing the Court whether it will be amending its complaint.


SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge


Dated: August 13, 2015
       New York, New York

---

[1] If Mars files a new motion to dismiss or relies on its previous motion, Paragon's opposition will be due 14 days thereafter.

[2] On the other hand, if Paragon relies on its existing Complaint, the current briefing schedule for its preliminary injunction motion will remain intact.  *See* Dkt. 41.