LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

KATHERINE TURNER
(202) 434-5487
kturner@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 26, 2015

<u>VIA E-MAIL</u>

The Honorable Paul A. Engelmayer
United States District Court for the Southern
District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007
EngelmayerNYSDChambers@nysd.uscourts.gov

  Re: *Paragon Pet Products Europe B.V. v. Mars, Incorporated*, Case No. 15-cv-5520 (PAE)

Dear Judge Engelmayer:

  We write on behalf of Defendant Mars, Incorporated ("Mars") with regard to its Opposition to Plaintiff's Motion for Preliminary Injunction ("PI Opposition"). Pursuant to the Court's Individual Rule and Practice 4.B, Mars requests permission to file under seal portions of the following documents, which are submitted with highlighting of the words, phrases, paragraphs, and pages proposed to be redacted: (1) Mars's Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction; (2) Declaration of Jarrod Kersey in Support of PI Opposition, with Exhibits A–S; (3) Declaration of Ross Panko in Support of PI Opposition, with Exhibits AA–BB; (4) Declaration of Sara Parikh, Ph.D in Support of PI Opposition; (5) Declaration of Amelia Strobel in Support of PI Opposition; and (6) Declaration of Ladd Watts in Support of PI Opposition. Pursuant to Individual Rule and Practice 1.A, we transmit these materials by e-mail and, because of the number and size of the exhibits, have divided them into a series of e-mails. Under Individual Rule and Practice 4.B, we are simultaneously serving Plaintiff's counsel with the unredacted papers by copying them on these e-mails.

  Mars requests permission to redact and file under seal the highlighted portions of these documents, which fall into the categories listed below (or contain information either derived from or which would tend to reveal the contents of such documents) under Federal Rule of Civil Procedure 26(c)(1)(G), which authorizes the protection of "a trade secret or other confidential research, development, or commercial information":

- Veterinary Claims Study reports for each of the years 2009, 2012, 2013, 2014, and 2015, that The Nutro Company ("Nutro") commissioned Trone Brand Energy ("Trone") to conduct, for the purpose of testing certain claims regarding various Greenies products;

WILLIAMS & CONNOLLY LLP

The Honorable Paul A. Engelmayer
August 26, 2015
Page 2

- Raw survey response data underlying the aforementioned Veterinary Claims Study reports for each of the years 2009, 2012, 2013, 2014, and 2015;
- Awareness, Attitudes, and Usage ("AAU") studies for the years 2010 and 2011 that Nutro commissioned Trone to conduct, for the purpose of measuring "the effectiveness of veterinary brand marketing and communications" and "the awareness, attitudes and recommendation for Greenies products, key competitors and brand associations";
- Information obtained from subscription databases operated by The Nielsen Company ("Nielsen") and GfK SE ("GfK"); and
- Cost information and production forecasts relating to the estimated cost of Greenies packaging changes and stickering, set forth in the Declaration of Ladd Watts.

**I.       Veterinary Claims Study Reports.**

The 2009, 2012, 2013, 2014, and 2015 Veterinary Claims Study reports reflect confidential market research that Nutro (a non-party to this case) commissioned to understand the competitive position of certain Greenies products and to test potential and actual advertising claims, as well as its consultant's analysis of that research. This Court has already authorized the parties to redact and file under seal certain Veterinary Claims Study reports submitted with Plaintiff's motion for a preliminary injunction, until such time as the Court is "in a position to make a careful judgment about the validity of Mars' argument for redaction." *See* Order (Aug. 12, 2015), Dkt. 42. Mars requests permission to file under seal the same 2012, 2014, and 2015 reports in support of its opposition, as well as additional versions of the 2009 and 2013 reports that are similar in substance to the versions submitted by Paragon in support of its motion.

These Veterinary Claims Study reports relate not only to the canine dental chews at issue here, but also to other Greenies products (all of the studies include market research concerning feline dental chews, and the 2012 – 2015 studies also include market research concerning pet treats as a general category and pill pockets). The design of the studies, the market information gained therefrom, and the analysis of that information are the products of Nutro's market research efforts (and its related expenditure of resources). Public disclosure would permit Nutro's competitors to use this information to their advantage, thereby conferring an undue benefit on those competitors and causing competitive harm to Nutro. In these circumstances, the sealing of this information is appropriate. *See, e.g.*, *GoSMiLE, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal material concerning marketing strategies and product development based on finding that "the privacy interests of the defendants outweigh the presumption of public access"); *see also In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-cv-01967 CW (NC), 2013 WL 3014138, at *2 (N.D. Cal. June 17, 2013) (finding good cause to seal document containing "detailed analysis of the consumer market for [defendant's] video games, which if disclosed, would harm its competitive standing").

**II.      Raw Survey Response Data.**

The raw survey response data underlying the Veterinary Claims Study reports reflect the actual answers given by the hundreds of veterinarians surveyed by Nutro's consultant, Trone.

WILLIAMS & CONNOLLY LLP

The Honorable Paul A. Engelmayer
August 26, 2015
Page 3

Like the Veterinary Claims Study reports, the underlying response data disclose information about the design of the surveys and the market information gained therefrom.  Nutro expended resources to obtain these data, and its competitors could use this information to obtain undue competitive advantage.  In addition, Trone has asserted its rights to protect its trade secrets and confidential research under Rule 26(c)(1)(G).  Sealing these data is therefore appropriate.

### III.    2010 and 2011 AAU Studies.

The 2010 and 2011 AAU studies reflect confidential market research that Nutro commissioned to understand the perceptions of veterinarians regarding Greenies and its competitors, as well as its consultant's analysis of that research.  Like the Veterinary Claims Study reports, the AAU studies reveal the design of the studies, the market information gained therefrom, and the analysis of that information, all of which are the products of Nutro's market research efforts and expenditures.  Public disclosure of this information would give Nutro's competitors an undue competitive advantage.  Sealing these studies is therefore appropriate.

### IV.    Information Obtained from Nielsen and GfK Databases.

The information Mars obtained from Nielsen and GfK databases is not publicly available, and both companies sell subscriptions to their databases as part of their respective businesses.  Mars obtained the information pursuant to subscription agreements that limit its ability to disclose that information publicly.  The information should be sealed to protect Nielsen's and GfK's proprietary interests in their data.

### V.    Costs and Production Forecasts in the Declaration of Ladd Watts.

The Declaration of Ladd Watts estimates the cost to Nutro to implement the injunctive relief sought by Paragon.  Mr. Watts's specific cost estimates are based on Nutro's internal pricing information and production forecasts that are not publicly available, and which could be used by Nutro's competitors, vendors, and/or customers to Nutro's competitive disadvantage.  Accordingly, Nutro should be permitted to redact the specific costs and other non-public information disclosed in Mr. Watts's declaration.

For the foregoing reasons, Mars respectfully requests (1) permission to redact the words, phrases, paragraphs, and pages highlighted in its attached PI Opposition papers and to file such redacted documents on ECF; and (2) sealing of the unredacted versions of these documents.

Respectfully submitted,

Katherine M. Turner

cc:    James W. Dabney, Esq.; George A. Tsougarakis, Esq.; Emma L. Baratta, Esq.; Natasha Reed, Esq.; Nathaniel Fintz, Esq.