

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: 212-837-6000
Fax: 212-422-4726
hugheshubbard.com

James W. Dabney
Direct Dial: 212-837-6803
james.dabney@hugheshubbard.com

September 4, 2015

**BY ECF**

Hon. Paul A. Engelmayer
United States District Court
 for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Paragon Pet Products Europe B.V. v. Mars, Inc.
                  1:15-cv-05520-PAE)

Dear Judge Engelmayer:

      We write as counsel for Paragon Pet Products Europe B.V. ("Paragon Europe") in response to Mars's counsel's letter dated September 2, 2015.

      On August 26, 2015, in response to Mars's motion to dismiss which relied in part on disputed allegations made in a complaint filed in *Nutro Co. v. Paragon Pet Products USA, Inc.*, No. 13-cv-1232 (M.D. Tenn.) (the "Tennessee Action"), we submitted to Your Honor certain documents and deposition testimony (the "Subject Evidence") that had been produced to Hughes Hubbard & Reed LLP ("HHR") in the Tennessee Action, and that HHR subsequently produced in this action pursuant to a subpoena issued by this Court (the "HHR Subpoena").

      Mars is now taking the position that we should not have submitted the Subject Evidence to Your Honor. Exhibit 4 to Mars's reply memorandum dated September 2, 2015, is a copy of a motion filed September 1, 2015, in the Tennessee Action, in which the Plaintiff in that action seeks an order holding HHR in civil contempt of a Protective Order if we do not withdraw the Subject Evidence, even if that evidence is maintained under seal.

      On September 2, 2015, the Court hearing the Tennessee Action denied, as moot, a motion that Paragon USA had filed in that action August 7, 2015, seeking leave to provide certain documentary evidence to Paragon Europe. The Plaintiff in the Tennessee Action urged denial of Paragon USA's motion on the basis that it "improperly asks this [Tennessee] Court to adjudicate a discovery issue from a separate action between different parties to the New York federal court" and "the New York Court is actively managing the discovery process in that case." Declaration of Emma L. Baratta, sworn to Aug. 26, 2015, Ex. 12 at 1-2.

      Paragon Europe then invoked the process of this Court in a further and parallel effort to advance the expedited documentary discovery that this Court had ordered. We believe that the HHR Subpoena (Baratta Decl. Ex. 13) was a valid and proper means of bringing the Subject Evidence (Baratta Decl. Exs. 14-17) within the jurisdiction of this Court and that Mars has no valid objection to use of the Subject Evidence in this action. We cannot predict, however, how the Tennessee district court will rule on the pending motion for contempt sanctions and we regret that Mars has seen fit to try and hinder the progress of this action in the manner that it has.

      Paragon Europe does not oppose Mars's September 2 letter request that the Subject Evidence be filed under seal.

                                             Respectfully yours,

                                             James W. Dabney

cc:    Dane Butswinkas, Esq.

66628756