UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\----------------------------------------------------------------- x
:
PARAGON PET PRODUCTS EUROPE B.V.,                :
:
           Plaintiff,           :
    v.                                                              :         Civil Action No. 15-cv-5520
:
MARS, INC.,                                                            :
:
           Defendant.       :
:
\----------------------------------------------------------------- x


# REPLY MEMORANDUM IN SUPPORT OF
# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION


HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Attorneys for Plaintiff
Paragon Pet Products Europe B.V.

James W. Dabney
Natasha N. Reed
Mitchell Epner
Julia R. Zousmer
Emma L. Baratta
Nathaniel L. Fintz
Laura Samuels

    *Of Counsel*

Dated:  September 2, 2015

## **TABLE OF CONTENTS**

    Page

I. THE "#1 VET RECOMMENDED DENTAL CHEW" CLAIM IS UNSUBSTANTIATED, FALSE, AND DECEPTIVE TO CONSUMERS. ...................... 1

II. MARS HAS FAILED TO SHOW THAT THE FOOTNOTE IS EFFECTIVE TO COUNTERACT FALSE AND DECEPTIVE MESSAGES THAT CONSUMERS RECEIVE FROM THE "#1 VET RECOMMENDED DENTAL CHEW" CLAIM. ........ 4

III. A PRELIMINARY INJUNCTION IS WARRANTED. ..................................................... 6

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*Church & Dwight Co. v. SPF Swiss Precision Diagnostics, GmbH*,
   No. 14-cv-585, 2015 WL 4002468 (S.D.N.Y. July 1, 2015) (Nathan, J.) ................................7

*Coca-Cola Co. v. Tropicana Prods., Inc.*
   690 F.2d 312 (2d Cir. 1982) .......................................................................................... 3, 6, 8

*Home Box Office, Inc. v. Showtime/The Movie Channel, Inc.*,
   832 F.2d 1311 (2d Cir. 1987) ("*HBO*") ........................................................................... 5

*Johnson & Johnson v. Carter-Wallace, Inc.*,
   631 F.2d 186 (2d Cir. 1980) ........................................................................................ 7

*N. Am. Olive Oil Ass'n v. Kandagis Food Inc.*
   962 F. Supp. 2d 514 (S.D.N.Y. 2013) (Rakoff, J.) .......................................................... 7, 8, 9

*Nutro Co. v. Paragon Pet Products USA, Inc.*,
   No. 3:13-cv-1232 (M.D. Tenn.) .................................................................................... 1

*Tecnimed SRL v. Kidz-Med, Inc.*,
   763 F. Supp. 2d 395 (S.D.N.Y. 2011) (Gardephe, J.) ..................................................... 9

**STATUTES AND RULES**

N.Y. Penal Law § 190.20 ............................................................................................... 9

Paragon Pet Products Europe B.V. ("Paragon") respectfully submits this reply to the arguments of Mars, Inc. ("Mars") filed August 26, 2015 ("Def. Mem.").

I. THE "#1 VET RECOMMENDED DENTAL CHEW" CLAIM IS UNSUBSTANTIATED, FALSE, AND DECEPTIVE TO CONSUMERS.

Reproduced below is the statement that stares consumers in the face when they shop and consider what brand of canine dental chew to buy in PetSmart and other New York stores:



Mars asserts that the above-quoted claim started appearing on GREENIES® retail packaging in 2011. The expanded record[1] now shows that in 2010 and 2011, Mars's GREENIES unit commissioned surveys of veterinarians which asked: ███████████████

███████████████

███████████████

███████████ *See* Second Declaration of Robert L. Klein and Supplemental Report of Robert L. Klein dated September 1, 2015 ("Second Klein Report") ¶¶ 3-4 & Ex. 1 at MARS0000383, Ex. 2 at MARS0000416 (emphasis added). In 2010, ███████████

---

[1] Mars withheld its 2010 and 2011 veterinarian surveys from the documents it produced on July 28 and then, in response to pointed inquiries, falsely denied their existence. *See* Declaration of Emma L. Baratta, sworn to August 26, 2015 [hereinafter, "Baratta Decl."] Exs. 1, 4. It was only after Mars was informed that Hughes Hubbard & Reed LLP ("HHR") had copies of the 2010 and 2011 veterinarian surveys from discovery produced in *Nutro Co. v. Paragon Pet Products USA, Inc.*, No. 3:13-cv-1232 (M.D. Tenn.) that Mars abruptly reversed position and produced copies of those surveys on August 10  *Id*. Exs. 5, 7.  HHR has since produced documents from the *Nutro* case in response to a subpoena issued by this Court.  *Id*. Exs. 14-18.

1

█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
████████████████████████████████████

So what happened after 2011? The documents that Mars produced in court on July 28, 2015, did not include ████████████████████████████████████████████████████████████████████████████████████████████ To remedy this deficiency, Paragon commissioned a survey which asked veterinarians ████████ ████████████████████████████████ "Thinking of brands of dental treats you've ever recommended for at-home oral care for dogs, **what is the brand you've recommended most often**?" Second Klein Report" ¶¶ 6-17 (emphasis added). The result was, ███ ███ **C.E.T.®** dental chews by a wide margin, not less than 51.7% to 39.7% and potentially as high as 48.6%-26.4%. Second Klein Report ¶¶ 8-11. ████████████████ GREENIES® canine dental chews are not the "**#1 Vet Recommended Dental Chew**" and never were. *Id.* ¶ 12.

The documents that Mars produced on July 28 included ██████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████

2

██████████████████████████████████████████
██████████████████████████████████████████
██████████████████████████████████

The surveys that Mars produced on July 28 do not substantiate the "**#1 Vet Recommended Dental Chew**" claim for several reasons. To begin, Mars has presented no survey or other evidence of what message the bolded statement at the top of GREENIES® product packaging, "**#1 Vet Recommended Dental Chew**", actually conveys to consumers of canine dental chews. Mars faults Paragon's survey expert, Mr. Klein, for having surveyed adult *dog owners* involved in the selection of pet care supplies for their household (as opposed to some other, supposedly more relevant population) and for having purportedly not done enough to draw respondents' attention to the Footnote, but proffers no evidence of its own on this point.

Consistently with the literal meaning of "**#1 Vet Recommended Dental Chew**", Paragon's survey evidence shows that a substantial proportion of potential canine dental chew consumers understand "**#1 Vet Recommended Dental Chew**" to mean that "veterinarians recommend GREENIES over all other brands, that GREENIES is the brand most recommended by veterinarians, or that GREENIES is the best or preferred brand among all veterinarians." D.I. 9-1 at 20. With regard to the *merits* of this case, the basic liability question raised by Paragon's claims is whether *those messages* are substantiated. *Cf. Coca-Cola Co. v. Tropicana Prods., Inc.* 690 F.2d 312, 317 (2d Cir. 1982) (reversing denial of preliminary injunction, where advertisement was misleading to "a not insubstantial number of consumers").

Mars has presented no evidence that "veterinarians recommend GREENIES over all other brands, that GREENIES is the brand most recommended by veterinarians, or GREENIES is the best or preferred brand among all veterinarians." D.I. 9-1 at 20. Asking veterinarians ███

3



leaves unasked and unanswered what one brand of canine dental chew could truthfully be described as the "**#1 Vet Recommended Dental Chew**". Second Klein Report. ¶ 14. Mars's opposition notably does not include any declaration from Trone.

Further, even within the framework of surveys that Mars produced on July 28, the results of those surveys do not substantiate the "**#1 Vet Recommended Dental Chew**" claim. The contention is insupportable. GREENIES® advertising describes the product as being THE "**#1 Vet Recommended Dental Chew**" (see https://www.youtube.com/watch?v=maegMAnRxYY), not a product that veterinarians recommend only slightly less often than the leading brand, or a product that veterinarians recommend around the same amount as some other brand.

II. **MARS HAS FAILED TO SHOW THAT THE FOOTNOTE IS EFFECTIVE TO COUNTERACT FALSE AND DECEPTIVE MESSAGES THAT CONSUMERS RECEIVE FROM THE "#1 VET RECOMMENDED DENTAL CHEW" CLAIM.**

Mars asserts in the alternative that, even if "**#1 Vet Recommended Dental Chew**" is a false description of GREENIES® dental chews by itself, this does not matter because that bolded statement "is not the entire claim." Def. Mem. at 18. "The asterisk and accompanying footnote are there for an important reason," Mars says, which is "to identify the population of veterinarians and products at issue." *Id.* Mars apparently contends that (i) substantially all dental chew

4

consumers read the Footnote; (ii) substantially all dental chew consumers understand that the phrase "In pet specialty stores" purportedly denotes a product category; and (iii) substantially all dental chew consumers understand that C.E.T.® is not within the product category that "In pet specialty stores" purportedly denotes.

The short answer to Mars's argument is: it is wholly unsupported and unsubstantiated. Mars has presented no evidence that substantially all consumers read the Footnote or understand that "In pet specialty stores" purportedly identifies a product category. It is doubtful that a footnote could ever be effective to make a literally false statement true, but even if that were possible the law clearly places on Mars the burden of proving that the Footnote is effective to prevent consumers from misunderstanding the "**#1 Vet Recommended Dental Chew**" claim. *See, e.g., Home Box Office, Inc. v. Showtime/The Movie Channel, Inc.*, 832 F.2d 1311, 1315 (2d Cir. 1987) ("*HBO*").

Contrary to Mars's suggestion (Def. Mem. at 21), *HBO* did not involve "already-adjudicated infringement" but a scenario just like the one currently before the Court, namely, an application for a preliminary injunction and a defense contention that a footnote is purportedly sufficient to prevent potential buyers from misunderstanding an advertising statement. In reversing the district court and holding that the defendant had failed to prove the efficacy of the disclaimer, the Second Circuit noted, "some of the potentially confusing statements are not effectively disclaimed because the disclaiming information does not appear in sufficiently close proximity to the infringing statements." 832 F.2d at 1315. That statement applies perfectly to the Footnote here – as the Court experienced at first hand on July 28. Besides being in extremely small type, the Footnote is placed in a location that makes it very unlikely that consumers will read it. The Footnote is even smaller and harder to discern in GREENIES® television advertising

5

than it is on the packaging. *See* https://www.youtube.com/watch?v=maegMAnRxYY and screen captures annexed hereto as Exhibit 2. And there is no evidence that consumers perceive and understand that "In pet specialty stores" purportedly denotes a *category* of products that excludes products that veterinarians themselves sell.

### III. PRELIMINARY INJUNCTION IS WARRANTED.

If the Court concludes that, to at least "a not insubstantial number of consumers," *Coca-Cola*, 690 F.2d at 317, (i) "**#1 Vet Recommended Dental Chew**" likely is a false and misleading description of GREENIES® canine dental chews and (ii) the Footnote is likely ineffective to correct false impressions created by the "**#1 Vet Recommended Dental Chew**" claim, the question then becomes whether the Court should exercise its equitable authority to halt this false advertising now. Paragon respectfully submits that the record before this Court strongly supports a grant of preliminary injunctive relief.

First, the Court now has before it what Mars says is the "substantiation" on which it relies to justify continued use of the "**#1 Vet Recommended Dental Chew**" claim. That "substantiation" evidence is what it is; the Mars-proffered evidence either substantiates the claim or it does not. The existing record is sufficient to enable the Court to determine, with confidence, whether GREENIES® is or is not the "**#1 Vet Recommended Dental Chew**".

Second, the record shows that Mars has ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6

███████████████████████████████████████████████████████

███████████████████████████████ In the advertising spot that apparently worried CBS (https://www.youtube.com/watch?v=maegMAnRxYY), the Footnote appears for one second and is virtually impossible to see or read (see Exhibit 2 hereto). It is highly unlikely that CBS, or any other television network, would air this spot if they knew ████████████████████ The Court should not condone such purposefully deceptive conduct.

Third, the "**#1 Vet Recommended Dental Chew**" claim places Paragon at a significant and unwarranted competitive disadvantage. Mars has ████████████████████████

████████████████████████████████████████████ Baratta Decl." Ex. 15 at NU-TRO0042473 (emphasis added). The "**#1 Vet Recommended Dental Chew**" claim is specifically designed to persuade consumers to buy GREENIES® dental chews instead of other competing brands. Mars's assertion that Paragon's WHIMZEES® dental chew product was "only" the fifth best selling dental chew in the United States as of June 30, 2015 (Declaration of Amelia Strobel ¶ 15) renders no less logical or reasonable Paragon's belief that Mars's false advertising of GREENIES® dental chews is likely to damage sales of Paragon's WHIMZEES® dental chews, which are sold in direct, head-to-head competition with GREENIES® dental chews. Declaration of Roelof Kunst, sworn to August 5, 2015 ("Kunst Decl.") ¶¶ 9-10 (D.I. 33). Paragon's proofs need only show "a reasonable basis for the belief that the plaintiff is likely to be damaged as a result of the false advertising." *Church & Dwight Co. v. SPF Swiss Precision Diagnostics, GmbH*, No. 14-cv-585, 2015 WL 4002468 at *25 (S.D.N.Y. July 1, 2015) (Nathan, J.) (quoting *Johnson & Johnson v. Carter-Wallace, Inc.*, 631 F.2d 186, 290 (2d Cir. 1980)).

Fourth, the type of competitive injury complained of by Paragon has been aptly characterized as "quintessentially irreparable." *N. Am. Olive Oil Ass'n v. Kandagis Food Inc*. 962 F.

Supp. 2d 514, 518-19 (S.D.N.Y. 2013) (Rakoff, J.) (granting preliminary injunction). "It is virtually impossible to prove that so much of one's sales will be lost or that one's goodwill will be damaged as a direct result of a competitor's advertisement. Too many market variables enter into the advertising sales equation." *Coca-Cola*, 690 F.2d at 316 (reversing denial of preliminary injunction). The "**#1 Vet Recommended Dental Chew**" claim is far more explicit and powerful than were the orange juice making visuals at issue in *Coca-Cola* or the "100% pure" claim at issue in *Kandagis*. If Mars is permitted to continue use of the "**#1 Vet Recommended Dental Chew**" claim between September 2015 and January 2016, Paragon will suffer injury for which it likely will have no damages remedy.

Fifth, the likelihood that the "**#1 Vet Recommended Dental Chew**" claim is false, and the likelihood that that claim is deceiving consumers and causing irreparable harm to Paragon's business, are in no way diminished by Paragon's having long and mistakenly assumed that the claim was true. D.I. 33 ¶ 6. Paragon had no idea that Mars was cheating; Paragon was deceived, in the same way that the ▆▆▆▆▆▆▆▆▆▆ apparently was deceived (Baratta Decl. Ex. 8), and in the same way that Mars's own counsel appear to have been deceived. Mars has put before the Court a lawsuit complaint in which Mars's counsel alleged in 2013, "Products bearing the GREENIES Toothbrush Design Trademark and Trade Dress are the top recommended dental chews by veterinarians." Kersey Decl. Ex. R at ¶ 15. Not even Mars contends that such a claim could truthfully have been made in 2013. What Mars characterizes as "delay" in Paragon's filing suit is but a reflection of the success of Mars's suppression of the truth and Paragon's pre-suit diligence in establishing what message(s) are conveyed to dental chew consumers by the challenged statement. *Cf. Kandagis*, 964 F. Supp. 2d at 522 n.2 (finding irreparable harm notwithstanding alleged delay where the complainant did not know "how severe" the misconduct was).

Sixth, the record shows that Mars long used GREENIES® packaging that was identical to its current packaging but without the disputed claim as shown on pages 4-5 of Exhibit J to the Kersey Declaration.  Mars's opposition is silent with respect to the cost and time it would take to revert to this pre-existing packaging.  Given Mars's long awareness of the false and deceptive character of the "**#1 Vet Recommended Dental Chew**" claim (Baratta Decl. Ex. 8), any failure on its part to plan for the contingency of preliminary injunctive relief should be considered hardship "of its own making."  *Tecnimed SRL v. Kidz-Med, Inc.*, 763 F. Supp. 2d 395, 422 (S.D.N.Y. 2011) (Gardephe, J.).  In fact, in 2009, Mars was warned by Trone that making such a claim was subject to potential challenge and warned Mars "to limit these particular claims to off-pack media so that changes may more easily be implemented."  *See* Exhibit 1.  The fact that Mars elected to ignore this warning demonstrates that any hardship was of Mars' "own making."  The order sought by Paragon would also leave Mars free to use existing television and print advertising with the disputed claim removed.  Sending notices and stickers to retailers should be no more burdensome here than was the similar relief that Judge Rakoff ordered in *Kandagis*.

Seventh, false advertising is not just a civil offense under Sections 349 and 350 of the New York General Business law, but has long been a criminal offense in New York.  *See* N.Y. Penal Law § 190.20 ("A person is guilty of false advertising when, with intent to promote the sale or to increase the consumption of property or services, he makes or causes to be made a false or misleading statement in any advertisement . . . .").  The advertising claim here, moreover, is consumer-oriented and concerns a product purchased for pet health.  Paragon respectfully submits that the public interest strongly favors immediate cessation of a knowingly false description of a consumer product that is sold as supporting a pet's oral health.

## CONCLUSION

For the reasons set forth above, Paragon's motion for preliminary injunction should be granted.

Dated:   New York, New York
         September 2, 2015

                                        Respectfully submitted,

                                        HUGHES HUBBARD & REED LLP

                                        By _____
                                        James W. Dabney
                                        Natasha N. Reed
                                        Mitchell Epner
                                        Julia R. Zousmer
                                        Emma L. Baratta
                                        Nathaniel L. Fintz
                                        Laura Samuels

                                        One Battery Park Plaza
                                        New York, New York 10004-1482
                                        (212) 837-6000

                                        Attorneys for Plaintiff
                                        Paragon Pet Products Europe B.V.

66616399