**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PARAGON PET PRODUCTS EUROPE B.V.,

Plaintiff,

v.

MARS, INCORPORATED,

Defendant.

15 Civ. 5520 (PAE)

ECF Case

**REPLY IN SUPPORT OF MARS, INCORPORATED'S MOTION TO DISMISS**

Dane H. Butswinkas (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Richmond T. Moore (*pro hac vice*)
Katherine M. Turner (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel: (202) 434-5000
Fax: (202) 434-5029
dbutswinkas@wc.com
thentoff@wc.com
rtmoore@wc.com
kturner@wc.com

*Attorneys for Defendant Mars, Incorporated*

**TABLE OF CONTENTS**

I. The Complaint Fails to Allege Facts Sufficient to Support Paragon's Theories That Mars Is Responsible for the Challenged Advertising Claim. ....................................1

A. The Conclusory Allegations of the Complaint Are Insufficient to State a Claim Against Mars. ..........................................................................................1

B. Paragon Cannot Use Its Opposition Brief to Amend Its Complaint. .......................5

C. Paragon Would Fail to State a Claim Even If It Were Permitted to Rely Upon Its New and Unpleaded Factual Materials and Legal Theories. ....................6

1. The Unpleaded Factual Materials Do Not Support Paragon's Claims. ..........................................................................................6

2. The Unpleaded Legal Theories Do Not Support Paragon's Claims. ...........8

II. Paragon Lacks Standing Under New York General Business Law §§ 349 and 350. ..........9

III. The Complaint Fails to State A Claim for Common Law Unfair Competition. ...............10

CONCLUSION ...........................................................................................................10

**TABLE OF AUTHORITIES**

**FEDERAL AND STATE CASES**

*1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229 (10th Cir. 2013)........................................8

*5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512 (E.D.N.Y. 1996)..................................................4

*A&M Records v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001).....................................................8

*Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 56 F. Supp. 3d 436 (S.D.N.Y. 2014)..........................................................................................................................10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..........................................................................................2

*Bichler v. Eli Lilly & Co.*, 436 N.E.2d 182 (N.Y. 1982)..............................................................9

*Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280 (E.D.N.Y. 2002)............................................................................................................................9

*Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315 (S.D.N.Y. 2012).....................................................6

*Copperweld Corp. v. Independent Tube, Inc.*, 467 U.S. 752 (1984)..............................................3

*Duty Free Americas, Inc. v. Estee Lauder Cos., Inc.*, No. 14-11853, --- F.3d ----, 2015 WL 4709573 (11th Cir. Aug. 7, 2015)...................................................................8

*Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, No. 14-1754, 2015 WL 4747068 (2d Cir. Aug. 12, 2015)..........................................................................................1

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269 (S.D.N.Y. 2003).......................9

*Guippone v. BH S&B Holdings LLC*, 681 F. Supp. 2d 442 (S.D.N.Y. 2010)................................6

*Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100 (N.D. Cal. 2013)......................................2

*In re Frito-Lay North America, Inc. All Natural Litigation*, No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013)...................................................4, 5, 7, 8

*In re Sanofi Sec. Litig.*, No. 13 CIV. 8806, --- F. Supp. 3d ---, 2015 WL 365702 (S.D.N.Y. Jan. 28, 2015) ..................................................................8

*ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852 (N.Y. 2007)..........................................................10

*LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136 (E.D.N.Y. 2010)......................................6

*LBF Travel, Inc. v. Fareportal, Inc.*, No. 13 Civ 9143, 2014 WL 5671853 (S.D.N.Y. Nov. 5, 2014)..................................................................................................10

*Leason Ellis LLP v. Patent & Trademark Agency LLC*, No. 13 CV 2880, 2014 WL 3887194 (S.D.N.Y. July 2, 2014) ........ 10

*Merck Eprova v. Brookstone Pharms. LLC*, 920 F. Supp. 2d 404 (S.D.N.Y. 2013) ........ 8

*Nat'l Gear & Piston, Inc, v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344 (S.D.N.Y. 2012) ........ 4

*North State Autobahn, Inc. v. Progressive Insurance Group, Co.*, 102 A.D.3d 5 (2d Dep't 2012) ........ 9, 10

*Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231 (11th Cir. 2007) ........ 8

*Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098 AHM, 2013 WL 2109963 (C.D. Cal. Mar. 8, 2013) ........ 2, 3

*Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519 (S.D.N.Y. 2012) ........ 10

*RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 14 Civ. 6294, 2015 WL 5008762 (S.D.N.Y. Aug. 24, 2015) ........ 9, 10

*Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, 992 F. Supp. 2d 213 (S.D.N.Y. 2013) ........ 10

*Shah v. Helen Hayes Hosp.*, 252 F. App'x 364 (2d Cir. 2007) ........ 6

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12 ........ 1, 3

N.Y. Gen. Bus. Law § 349 ........ 9, 10

N.Y. Gen. Bus. Law § 350 ........ 9, 10

In its opposition to the motion to dismiss ("Opposition" or "Opp."), Paragon does not dispute what Exhibit 3 to its Complaint shows: that the maker and marketer of Greenies is Nutro. Paragon instead argues that Mars (Nutro's indirect parent) "is at least partly responsible" for the challenged advertising claim. Opp. at 1. Yet the sole allegations of the Complaint concerning Mars's involvement are nothing more than a string of verbs with no factual support, and Paragon fails to refute case law establishing that conclusory terms of this sort are insufficient to allege that a parent company is responsible for a subsidiary's challenged advertising.

Paragon notes that "[r]esolving a Rule 12(b)(6) motion to dismiss 'involves nothing more than reading the allegations in the complaint and deciding whether those allegations state a claim.'" Opp. at 6 (quoting *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, No. 14-1754, 2015 WL 4747068, at *1 (2d Cir. Aug. 12, 2015)). Thus, the insufficiency of the allegations of Paragon's Complaint should end the analysis. Yet Paragon—having declined to amend the Complaint—now asks this Court to look beyond the Complaint, by submitting additional legal theories of liability and new factual materials that purportedly support its claims. Under the very standard on which Paragon relies, these unpleaded assertions and allegations must be disregarded because they are found nowhere in the Complaint. And even if Paragon could rely on these new factual assertions and exhibits, they do not aid in Paragon's effort to state a claim for direct liability, nor do they support its unpleaded (and inapplicable) theories of indirect liability. Further, Paragon's state law claims fail for the additional reasons that Paragon lacks standing to bring its statutory claim and has not pleaded conduct giving rise to common-law liability.

## I. The Complaint Fails to Allege Facts Sufficient to Support Paragon's Theories That Mars Is Responsible for the Challenged Advertising Claim.

### A. The Conclusory Allegations of the Complaint Are Insufficient to State a Claim Against Mars.

In its brief, Mars set forth case law establishing that the Complaint's allegations "that

Mars 'advertises, markets, supports, and controls the marketing and sale of' Greenies, and that Mars is 'using, supporting, approving, enabling, authorizing, financing, actively participating in, or contributing to use of' the Greenies advertising claim . . . are precisely the sort of 'labels and conclusions' and 'threadbare recitals of the elements of a cause of action' . . . that are not entitled to the presumption of truth." Mem. in Supp. of Mot. to Dismiss [Dkt. #47] ("Memorandum" or "Mem.") at 5 (quoting Compl. [Dkt. #3] ¶¶ 6, 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see id.* at 4–9 (discussing cases). Paragon's efforts to distinguish those cases are superficial.

*First*, Paragon says that *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100 (N.D. Cal. 2013) is inapposite because the plaintiff did not allege involvement in producing or selling the products in question; whereas here—according to Paragon—"the complaint alleges Mars is deeply involved in both producing and selling Greenies." Opp. at 10. The supposed support for that assertion is telling: Paragon points to exhibits to the Complaint showing that Mars (1) holds a patent related to Greenies and (2) lists Greenies on its website as a brand within the Mars portfolio, under the umbrella of Mars Petcare (Nutro's direct parent). *See id.* Those exhibits provide no information about Mars's purported involvement in producing or selling Greenies, let alone in the advertising claim at issue.[1] Thus, as in *Gustavson*, the Complaint fails to "specify how, if at all, [the defendant] has any role in [its affiliate's] production and marketing process." 961 F. Supp. 2d at 1133. The mere listing of Greenies as a Mars-affiliated brand does not cure that defect. *Id.* (mere fact of a parent-subsidiary relationship is insufficient to establish liability).

*Second*, Paragon addresses *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098, 2013 WL 2109963 (C.D. Cal. Mar. 8, 2013) (Opp. at 11), which Mars cited for its finding that the

---

[1] Mars's status as the assignee of the dog-chew patent appended to the Complaint as Exhibit 1 does not suggest that Mars had any involvement in the allegedly false advertising claim. Nor has Paragon pointed to any legal theory that would make a party liable for the advertising of a product simply because it owns a patent associated with such product.

plaintiff, who alleged that defendants were "illegally copying, reproducing, distributing, displaying, and selling" infringing materials, failed to satisfy the plausibility standard of *Iqbal*/*Twombly* because it did not "support these conclusory allegations with any facts specifying *how* Defendants have copied and sold infringing materials." *Id.* at *4 (complaint made "it difficult to discern what Defendants are alleged to have done, let alone whether those actions amount to direct, contributory, or vicarious copyright infringement"); *see* Mem. at 5. Paragon ignores the implications of that finding here—where Paragon similarly asserts that Mars is "at least partly responsible" for the Greenies claim, Opp. at 1, yet fails to specify any actions that Mars took with respect to the claim, Compl. [Dkt. #3] ¶¶ 6, 8. Instead, Paragon characterizes *Perfect 10* as a case that "supports [its] position" that a plaintiff states "actionable claims for contributory and vicarious infringement where the defendant had failed to take remedial actions." Opp. at 11. That observation is neither here nor there. Paragon's assertion that the Complaint "supports an inference" that Mars "failed to take remedial actions" is unaccompanied by any citation (nor are there any allegations to cite). And the Complaint does not even purport to assert a claim for failure to stop or remediate another party's advertising claims: it does not even mention Nutro, let alone allege a violation by Nutro for which Mars could be held liable.

*Third*, Paragon attempts to dismiss the import of *National Gear & Piston, Inc, v. Cummins Power System, LLC*, 861 F. Supp. 2d 344 (S.D.N.Y. 2012), as being confined to the antitrust context; it contends that *National Gear* dealt with whether a parent and a subsidiary are capable of committing an antitrust conspiracy with one another. Opp. at 11. But *National Gear* does not address that issue at all, or even cite the *Copperweld Corp. v. Independent Tube, Inc.*, 467 U.S. 752 (1984) case that Paragon references, *see generally National Gear*, 861 F. Supp. 2d 344. In fact, *National Gear* is a Rule 12(b)(6) case that examined whether the plaintiff had

alleged conduct that could form the basis of either direct liability, or vicarious liability based on the conduct of defendant's subsidiary, for any one of six causes of action. *Id.* at 375–77. Relevant to the analysis here, the Court held that broad allegations that a parent corporation participated in or had the ability to direct or control the alleged misconduct of a subsidiary, "without any supporting facts" as to the conduct of the defendant, are not sufficient to state a claim "plausible on its face" under *Twombly*. *Id.* at 375–76.

*Finally*, Paragon argues that *In re Frito-Lay North America, Inc. All Natural Litigation*, No. 12-MD-2413, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013), is "factually distinguishable" because there, plaintiff relied in part on advertisements where the subsidiary (Frito-Lay), and not the parent (PepsiCo), was "the speaker"; whereas here (according to Paragon), "the complaint refers to advertisements in which Mars is clearly 'the speaker.'" Opp. at 12. This assertion has no citation to Paragon's Complaint and, indeed no support in the Complaint or its exhibits. Moreover, it is contrary to the examples of the advertising claim attached to the Complaint, which show that Nutro is the speaker with respect to the packaging, and contain no reference to Mars. *See* Compl. [Dkt. #3], Ex. 3.[2] To the extent Paragon intends to refer to the excerpts from Mars's website in Exhibit 2 to the Complaint, those webpages do no more than describe Greenies as a brand within the Mars family, and do not even *recite* the challenged Greenies advertising

[2] In the background section of its Memorandum, Mars noted that Nutro alleges in its complaint in the Tennessee Action that Nutro is the manufacturer of Greenies; Mars requested that this Court take judicial notice of that pleading. Mem. at 2–3. Contrary to Paragon's argument, *see* Opp. at 17–19, Mars did not cite that allegation for the truth of the matter asserted, nor did it need to, given that the packaging described above already establishes that Nutro is the maker and marketer of Greenies. Instead, Mars cited that allegation to demonstrate Paragon's awareness, when it filed its defective Complaint here, that Nutro claims responsibility for Greenies. As Paragon appears to concede, *see* Opp. at 17–18, a party's awareness of an allegation made in another case is a proper subject of judicial notice. *See 5-Star Mgmt., Inc. v. Rogers*, 940 F. Supp. 512, 518–19 (E.D.N.Y. 1996). Even if the Court were to conclude otherwise, Mars did not rely on that allegation in its argument, and therefore the Court could simply disregard it for purposes of adjudicating the motion to dismiss.

claim, let alone suggest any involvement by Mars in its creation or substantiation.

Thus, the allegations here are indeed substantially similar to those in *Frito-Lay*, where plaintiffs alleged that corporate-parent PepsiCo was liable for its subsidiary Frito-Lay's advertising claim that certain products were "all natural" because PepsiCo purportedly "markets, advertises, and distributes" the products at issue, and "actively coordinates its marketing and advertising activities with Frito-Lay." *Frito-Lay*, 2013 WL 4647512 at *5. The Court found such allegations to be insufficient to state a claim against PepsiCo, as none of them indicated that PepsiCo "had any role in the decision to label the products at issue here 'All Natural.'" *Id.* The Court further held that an allegation related to PepsiCo's inclusion of Frito-Lay brands in PepsiCo's marketing campaign did not supply a basis for liability because that campaign did not "specifically relate to or discuss the marketing or labeling of the products as 'All Natural.'" *Id.* Similarly, Mars's statements of its corporate principles on its website and inclusion of Greenies in its listing of brands within the Mars corporate portfolio do not support an inference that Mars had any role with respect to the advertising claim at issue. *Compare* Opp. at 7 (noting that Mars webpage excerpt "is written in the first person"), *with Frito-Lay*, 2013 WL 4647512 at *5 (holding that PepsiCo's use of first person when referring to subsidiary did not justify liability for subsidiary's advertising).[3]

### B. Paragon Cannot Use Its Opposition Brief to Amend Its Complaint.

All but conceding the deficiency of its Complaint, Paragon relies on several new exhibits, *see, e.g.*, Opp. at 5, 7, 9, 10; Baratta Decl., Exs. 8, 14–17, and further seeks to introduce new

---

[3] Paragon further asserts that the *Frito-Lay* decision "does not address the indirect liability theories presented here." Opp. at 12. The *Frito-Lay* court did, however, consider whether the allegations discussed above formed a basis for indirect liability under a veil-piercing theory, and concluded that allegations related to PepsiCo's joint marketing campaign and the fact that PepsiCo's EVP also served as President of Frito Lay did not provide sufficient factual foundation to ground a claim for alter ego liability. *See Frito-Lay*, 2013 WL 4647512 at *6.

theories of liability. These attempts to amend the Complaint through briefing fail. It is black-letter law that "[a] party may not use his or her opposition to a dispositive motion as a means to amend the Complaint." *Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007); *see also LaFlamme v. Societe Air France*, 702 F. Supp. 2d 136, 148 n.18 (E.D.N.Y. 2010) ("[A] claim for relief may not be amended by the briefs in opposition to a motion to dismiss."). Courts therefore routinely decline to consider material presented for the first time in opposition to a motion to dismiss. *See, e.g.*, *Cohen v. Avanade, Inc.*, 874 F. Supp. 2d 315, 319 n.1 (S.D.N.Y. 2012); *Guippone v. BH S&B Holdings LLC*, 681 F. Supp. 2d 442, 446 (S.D.N.Y. 2010). The logic of this rule applies *a fortiorari* here, where the Court invited Paragon to amend its Complaint in response to the motion to dismiss and emphasized that "no further opportunities to amend will be granted," *see* Order [Dkt. #49] at 1, and Paragon elected to forgo the opportunity, *see* Paragon Letter [Dkt. #55] at 1. Paragon's improper and belated effort to amend by briefing should be rejected, and its new factual materials and legal theories should be disregarded.

**C. Paragon Would Fail to State a Claim Even If It Were Permitted to Rely Upon Its New and Unpleaded Factual Materials and Legal Theories.**

Even if Paragon could amend the Complaint by its briefing, its new factual assertions and legal theories fail to establish a basis for holding Mars liable for the Greenies advertising claim.

**1. The Unpleaded Factual Materials Do Not Support Paragon's Claims.**

The new allegations in Paragon's brief and the hodge-podge of attached exhibits do not support an inference that Mars participated in the advertising claim or induced Nutro to make it.

Paragon now asserts that Mars's "central role" is "underscored" by documents showing that [redacted] Opp. at 5. This is a *non sequitur*: [redacted]

[redacted]

Paragon further offers new exhibits in connection with its Opposition—submitted here in violation of the protective order in the Tennessee Action—but makes no effort in its brief to explain their supposed import. *See* Baratta Decl. Exs. 15–17 (attaching [redacted].[4] At most, those exhibits suggest that Mars was "acting as a parent company," but such "[corporate] supervision alone is not enough to give rise to direct liability." *Frito-Lay*, 2013 WL 4647512, at *6.

Finally, Paragon cites (1) deposition testimony taken in the Tennessee litigation from [redacted], stating that he is [redacted] *see* Baratta Decl., Ex. 14 at 7:24–8:8 (emphasis added); and (2) an October 2013 e-mail string [redacted], *id.*, Ex. 8. *See* Opp. at 5, 7, 9, 10. Paragon relies on these materials to suggest that [redacted]—but the documents do

[4] Nutro produced these materials to Paragon's U.S. affiliate in the Tennessee Action, where they are covered by a protective order prohibiting their use for purposes other than that litigation. Instead of awaiting the Tennessee court's ruling on Paragon's motion to amend the protective order to allow use of the documents here, Paragon's counsel decided to circumvent that process, by issuing a subpoena *to itself* in the name of this Court. *See* Decl. of Katherine Turner in Supp. of Mars's Reply in Supp. of Mot. to Dismiss, Ex. 1. Nutro's counsel objected to that tactic as a violation of the protective order, *see id.*, Ex. 2, and requested that Paragon's counsel withdraw these materials. Following refusal by Paragon's counsel, *see id.*, Ex. 3, Nutro has filed an order to show cause with the Tennessee court regarding Paragon's violation of the protective order, *see id.*, Ex. 4, which is now pending. Moreover, the Tennessee court issued an order today denying Paragon's motion to amend the protective order. *See id.*, Ex. 5.

not support that conclusion. Even if such an inference could be drawn, and [redacted] would not be sufficient to give rise to an inference that Mars is responsible for the Greenies advertising claim. *See Frito-Lay*, 2013 WL 4647512 at *6; *supra* n.2.[5]

**2. The Unpleaded Legal Theories Do Not Support Paragon's Claims.**

Paragon devotes a single paragraph of its Opposition to the direct-liability theory it actually pleaded, *see* Opp. 6–7, and instead focuses on secondary-liability theories that appear nowhere in the Complaint, *see* Opp. 7–12. Even if Paragon had pleaded these theories, they fail because Paragon does not plead factual allegations sufficient to support them.

As an initial matter, Paragon's first two theories of indirect liability—vicarious and contributory infringement (Opp. at 7–8)—do not apply in the false-advertising context.[6] But even if they did, secondary copyright and trademark liability "does not exist in the absence of direct infringement by a third party." *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 n.2 (9th Cir. 2001); *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1245 (11th Cir. 2007). The Complaint makes no allegations of misconduct by any third party, nor does it allege that Mars knew that any third party was engaging in misconduct. These deficiencies distinguish this case from Paragon's authorities. *See, e.g.*, *1-800 Contacts, Inc. v.*

---

[5] Moreover, allowing Paragon to seek to amend its Complaint to add allegations about [redacted] would be futile, as Mars is able to demonstrate (should it please the Court) that [redacted] *See In re Sanofi Sec. Litig.*, No. 13 CIV. 8806, --- F. Supp. 3d ----, 2015 WL 365702, at *33 (S.D.N.Y. Jan. 28, 2015) ("In the absence of any identification of how a further amendment would improve upon the Complaint, leave to amend must be denied as futile.").

[6] It is telling that Paragon does not cite cases that address contributory false-advertising claims, which require (1) false advertising by a third party, *Merck Eprova v. Brookstone Pharms. LLC*, 920 F. Supp. 2d 404, 425 (S.D.N.Y. 2013), and (2) a showing that defendant "induced, encouraged, caused, procured, or brought about false advertising." *Duty Free Americas, Inc. v. Estee Lauder Cos., Inc.*, No. 14-11853, --- F.3d ----, 2015 WL 4709573, at *24 (11th Cir. Aug. 7, 2015). Paragon does not argue that it has alleged the elements of that theory, nor could it.

*Lens.com, Inc.*, 722 F.3d 1229, 1252 (10th Cir. 2013) (Opp. at 7–8) (noting that Lens.com affiliates "were using 1-800's mark in their ad copy"). Paragon's argument that the common-law principles of joint tortfeasorship or concerted action apply, *see* Opp. at 8, is similarly deficient. Those doctrines require evidence of a "common plan or design to commit a tortious act." *Bichler v. Eli Lilly & Co.*, 436 N.E.2d 182, 186 (N.Y. 1982). But the Complaint is devoid of allegations that a common scheme or plan existed, that any other entity engaged in any misconduct, or that Mars aided, encouraged, or ratified any such act.

## II. Paragon Lacks Standing Under New York General Business Law §§ 349 and 350.

Paragon does not dispute that a corporate plaintiff must show public harm to maintain a §§ 349 or 350 claim. *See* Opp. 14 (citing *Capitol Records, Inc. v. Wings Digital Corp.*, 218 F. Supp. 2d 280, 286 (E.D.N.Y. 2002)). Nor does Paragon distinguish Mars's authorities on the public-harm requirement. *See* Mem. at 9–11. Instead, Paragon sets up a straw-man argument, by asserting that Mars disputes whether the advertising claim is consumer-oriented. Opp. at 13. But Mars's argument relates to the separate, standing-based requirement that plaintiff "allege conduct that has significant ramifications for the public at large." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp. 2d 269, 273 (S.D.N.Y. 2003); *see also RCA Trademark Mgmt. S.A.S. v. VOXX Int'l Corp.*, No. 14 Civ. 6294, 2015 WL 5008762, at *3 (S.D.N.Y. Aug. 24, 2015).

Although Paragon concedes that *Capitol Records* recognizes a public-harm requirement, it attempts to conflate that requirement with the separate question: whether a plaintiff has suffered a cognizable injury. *See* Opp. at 15. On this point, Paragon cherry-picks language from *North State Autobahn, Inc. v. Progressive Insurance Group, Co.*, 102 A.D.3d 5 (2d Dep't 2012), where the court examined whether a corporation's standing "should be limited to situations where the entity is acting as a consumer of goods or services," *id.* at 18, and declined to impose such a limitation because it "would deprive [plaintiff] of standing based solely on their role in the

consumer transaction," *id.* at 19 (quoted at Opp. 14–15). *North State* did not address, much less reject, the public-harm requirement. And courts after *North State* have routinely held that a competitor must allege public harm to maintain a claim under §§ 349 and 350.[7]

**III. The Complaint Fails to State A Claim for Common Law Unfair Competition.**

In its Opposition, Paragon ignores the authorities Mars cites, which demonstrate that palming off and misappropriation are the only actionable theories of unfair competition under New York common law. Mem. at 11 (citing *Ace Arts, LLC v. Sony/ATV Music Publ'g, LLC*, 56 F. Supp. 3d 436, 454 (S.D.N.Y. 2014) and *ITC Ltd. v. Punchgini, Inc.*, 880 N.E.2d 852, 858 (N.Y. 2007)). Instead, citing a set of cases that predate *ITC* by several decades, Paragon argues that the tort of unfair competition covers an indefinitely wide range of deceptive conduct. *See* Opp. at 15–17. Courts in this District, however, have repeatedly rejected that argument, explaining that *ITC* "reject[ed] the notion that unfair competition is equivalent to the amorphous term 'commercial unfairness.'" *Roche Diagnostics GmbH v. Enzo Biochem, Inc.*, 992 F. Supp. 2d 213, 223 n.7 (S.D.N.Y. 2013) (internal quotation marks omitted); *see also Ace Arts*, 56 F. Supp. 3d at 454; *Leason Ellis LLP v. Patent & Trademark Agency LLC*, No. 13 CV 2880, 2014 WL 3887194, at *6 (S.D.N.Y. July 2, 2014). Because Paragon does not allege palming off or misappropriation, its unfair competition claim fails.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Memorandum, Mars respectfully requests that the Court dismiss the Complaint with prejudice.

Dated: September 2, 2015 Respectfully submitted,

[7] *See, e.g.*, *RCA*, 2015 WL 5008762, at *3; *LBF Travel, Inc. v. Fareportal, Inc.*, No. 13 Civ 9143, 2014 WL 5671853, at *11–12 (S.D.N.Y. Nov. 5, 2014); *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 543 (S.D.N.Y. 2012) (Engelmayer, J.).

/s/ *Katherine M. Turner*
Dane H. Butswinkas (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Richmond T. Moore (*pro hac vice*)
Katherine M. Turner (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
dbutswinkas@wc.com
thentoff@wc.com
rmoore@wc.com
kturner@wc.com

*Attorneys for Defendant Mars, Incorporated*